03-CV-02415-CMP

```
———— FILED   ———— ENTERED
———— LODGED  ———— RECEIVED

SA    JUL 2 8 2003

          AT SEATTLE
      CLERK U.S. DISTRICT COURT
BY  WESTERN DISTRICT OF WASHINGTON
                          DEPUTY
```

UNITED STATES DISTICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAHUL GAIROLA,

                  Plaintiff,

        vs.

QUALITY FOOD CENTERS, INC., and
MICHAEL ERVIN,

                Defendants.

No. **C03-2415**

COMPLAINT FOR DAMAGES
(Personal Injuries)

## **INTRODUCTION**

1.     This is an action for damages sustained by a citizen of Seattle, Washington, against defendants who, through their intentional conduct and conscious disregard for plaintiff, have caused him to suffer personal and physical injury, humiliation and degradation as well as severe mental emotional distress and deprivation of his civil and constitutional rights.

///

///

COMPLAINT FOR DAMAGES
(Personal Injuries) - 1

**Premier Law Group PLLC**
6333 N.E. Radford Drive, Suite 3511
Seattle, Washington 98115-8716
(206) 934-5681 / Fax: (206) 652-5952

1

**JURISDICTION**

2    2.    The jurisdiction of this Court over this Complaint is invoked pursuant to the

3    provisions of 28 United States Code Sections 1331(a) and 1343(1), (2), (3), and (4) and the

4    provisions of 42 United States Code Sections 1981 and 1988.

5    3.    This Court has supplemental jurisdiction over the State claims by virtue of the

6    fact that they arise out of the same transaction or series of transactions as do the claims alleged

7    herein under federal law.

8

**VENUE**

9    4.    All of the unlawful acts and practices alleged herein occurred in the City of

10   Seattle, situated within the geographical boundaries of the Western District of Washington.  Thus

11   the Seattle Courthouse is the appropriate forum for this matter.

12

**PARTIES**

13   5.    Plaintiff Rahul Gairola is an adult, male citizen of the United States and a resident

14   of the City of Seattle, Washington.

15   6.    Defendant Quality Food Centers, Inc.(QFC) is now, and at all times herein

16   mentioned was, a wholly owned subsidiary of The Kroger Company.  QFC operates a chain of

17   grocery stores throughout the state of Washington, including one at 1401 Broadway in Seattle,

18   Washington where the subject incident took place.

19   7.    Defendant Michael Ervin was and is a management employee with defendant

20   QFC.  At all times herein mentioned, defendant Ervin was an agent of defendant QFC and, in

21   doing the things herein alleged, was acting within the course and scope of said agency.

22   Defendant Ervin is sued individually and in his capacity as an agent for defendant QFC.

23   ///

COMPLAINT FOR DAMAGES
(Personal Injuries) - 2

**Premier Law Group PLLC**
6333 N.E. Radford Drive, Suite 3511
Seattle, Washington 98115-8716
(206) 934-5681 / Fax: (206) 652-5952

1    8.    Unless otherwise alleged in this Complaint, plaintiff is informed and believes, and
2  on the basis of that information and belief alleges, that at all times mentioned in this Complaint,
3  defendants were the agents and employees of their co-defendants, and in doing the things alleged
4  in this Complaint, were acting within the course and scope of that agency and employment.

5                                    **STATEMENT OF FACTS**

6    9.    On Tuesday, December 10, 2002, at approximately 1:30 A.M., plaintiff,
7  accompanied by a friend, entered defendant QFC's grocery store located at 1401 Broadway on
8  Capital Hill in Seattle, Washington.  As they were looking at different items near the deli and in
9  the store for something to eat, plaintiff asked the lady at the deli for a sample.  The woman gave
10 plaintiff a sample of chicken from the deli case, and after he tasted the sample, he and his friend
11 decided to order sandwiches.  As they were waiting for their sandwiches, plaintiff reached over
12 the deli case to get another sample of chicken.  The lady at the deli counter told plaintiff not to
13 reach over the counter.  Shortly thereafter, the store manager and several other store employees
14 surrounded plaintiff.  The store manager, defendant Ervin, then made the baseless accusation that
15 plaintiff and his friend were stealing the sandwiches.

16   10.   Defendant Ervin and a security guard took plaintiff to an office in the back of the
17 store, and kept him there for approximately 30 minutes, berating and humiliating plaintiff until
18 the police officers arrived.  Plaintiff was physically abused and restrained by QFC employees.
19 He was also verbally abused by defendant Ervin who repeatedly made derogatory comments to
20 plaintiff while shouting that he was going to teach him a lesson, and that he was going to make
21 sure plaintiff lost his job teaching at the university.  He referred to plaintiff repeatedly as "you
22 dirty people . . . dirty people like you."  Plaintiff believes that these references where to his race
23 and that defendant Ervin was mistreating him because he looks Middle Eastern.  Ervin also

COMPLAINT FOR DAMAGES
(Personal Injuries) - 3

**Premier Law Group PLLC**
6333 N.E. Radford Drive, Suite 3511
Seattle, Washington 98115-8716
(206) 934-5681 / Fax: (206) 652-5952

1    pushed plaintiff against the wall and forced him onto the floor with such violence, that it caused

2    plaintiff severe emotional trauma.  Plaintiff now felt that his life was in danger and used his cell

3    phone to call 911.

4          11.     When the police arrived, defendants made a citizen's arrest charging plaintiff with

5    assault and theft and the police physically took plaintiff to jail.  He was released several hours

6    later.

7          12.     Defendants then caused the City Prosecutor to initiate a criminal complaint

8    against plaintiff charging him with theft, assault and criminal trespass thus subjecting plaintiff to

9    the trauma and expense of a criminal prosecution.  After several court appearances, the criminal

10   charges against plaintiff were dismissed in the interest of justice.

11                            **FIRST CLAIM FOR RELIEF**

12                         (Violation of 42 U.S.C. Section 1981)

13         13.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 12 with

14   the same force and effect as if such paragraphs were separately realleged in this First Claim For

15   Relief.

16         14.     Defendants and each of them discriminated against plaintiff because of his race and

17   his perceived ethnic background.  Defendants refused service to plaintiff and instituted legal

18   proceedings against him because they perceived him as a Middle Easterner.

19         15.     Plaintiff has suffered damages by reason of the discrimination against him, including

20   lost income and other economic damages.  Plaintiff has also suffered other consequential damages,

21   including emotional distress and suffering, humiliation and anxiety, and has suffered further and

22   additional damages within the meaning of 42 United States Code Section 1981.

23   ///

COMPLAINT FOR DAMAGES
(Personal Injuries) - 4

---

16.   Plaintiff is informed and believes, and based thereon alleges, that the conduct of defendants, and each of them, described above was done with fraud, oppression and malice and in conscious disregard of the pain, humiliation, hardship and embarrassment it might cause him; and said conduct was authorized and ratified by the highest levels of management at defendant QFC. An award of punitive damages is thus appropriate against each defendant.

## SECOND CLAIM FOR RELIEF

(Assault and Battery Against Each Defendant)

17.   Plaintiff realleges and incorporates by reference herein paragraphs 1 through 16 with the same force and effect as if such paragraphs were separately realleged in this Second Claim For Relief.

18.   The acts of defendant Ervin in touching, attacking and threatening plaintiff constituted an assault and battery upon plaintiff.

19.   As a direct and proximate result of the acts of defendant Ervin, plaintiff sustained severe and continuing shock to his nervous system, mental anguish, mortification, humiliation, loss of good health and sleep, physical injuries necessitating medical expenses and care, all to his damage according to proof at trial.

20.   In doing the acts as alleged above, defendant Ervin acted with intent to make contact with plaintiff's person out of spite and anger and a desire to humiliate plaintiff.

21.   At no time did plaintiff consent to any of the acts of defendants alleged above.

22.   Defendant QFC is vicariously liable for all acts of defendant Ervin upon plaintiff as he was acting as its agent at all times during this attack.

23.   Plaintiff is informed and believes, and based thereon alleges, that the conduct of defendants described above was done with fraud, oppression and malice, and in conscious

COMPLAINT FOR DAMAGES
(Personal Injuries) - 5

**Premier Law Group PLLC**
6333 N.E. Radford Drive, Suite 3511
Seattle, Washington 98115-8716
(206) 934-5681 / Fax: (206) 652-5952

1  disregard for the hardship it would cause plaintiff, and was authorized and ratified by the highest
2  levels of management at defendant QFC.

3  **THIRD CLAIM FOR RELIEF**

4  (Intentional Infliction of Emotional Distress)

5      24.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 23 with
6  the same force and effect as if such paragraphs were separately realleged in this Third Claim For
7  Relief.

8      25.    The acts described in this Complaint committed by defendants, and each of them,
9  were extreme and outrageous and were done with the intention of inflicting severe emotional
10 distress upon plaintiff or were done with reckless disregard as to whether such acts would cause
11 plaintiff severe emotional distress.

12     26.    As a direct and proximate result of the acts of defendants, plaintiff sustained severe
13 and continuing shock to his nervous system, mental anguish, mortification, humiliation, loss of
14 good health and sleep, and physical injuries, necessitating medical expenses and care, all to his
15 damage according to proof at trial.

16     27.    At no time did plaintiff consent to any of the acts of defendants alleged above.

17     28.    Plaintiff is informed and believes, and based thereon alleges, that the conduct of
18 defendants described above was done with fraud, oppression and malice, and was done,
19 authorized and ratified by the highest levels of management at defendant QFC.

20 ///

21 ///

22 ///

23 ///

COMPLAINT FOR DAMAGES
(Personal Injuries) - 6

**Premier Law Group PLLC**
6333 N.E. Radford Drive, Suite 3511
Seattle, Washington 98115-8716
(206) 934-5681 / Fax: (206) 652-5952

## FOURTH CAUSE OF ACTION

(False Imprisonment)

29.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 28 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim For Relief.

30.     The acts of defendants and each of them in physically restraining and transporting plaintiff to an office and preventing his movement constituted the tort of false imprisonment.

31.     As a direct and proximate result of the acts of defendants and each of them, plaintiff sustained severe and continuing shock to his nervous system, mental anguish, mortification, humiliation, loss of good health and sleep, physical injuries necessitating medical expenses and care, all to his damage according to proof at trial.

32.     In doing the acts as alleged above, defendants and each of them acted with intent to prevent plaintiff's movement and a desire to humiliate plaintiff.

33.     At no time did plaintiff consent to any of the acts of defendants alleged above.

34.     Defendant QFC is vicariously liable for all acts of all other defendants upon plaintiff, as they were acting as QFC's agent at all times during this attack.

35.     Plaintiff is informed and believes, and based thereon alleges, that the conduct of defendants, and each of them, described above was done with fraud, oppression and malice and in conscious disregard of the pain, humiliation, hardship and embarrassment it might cause him; and said conduct was authorized and ratified by the highest levels of management at defendant QFC.

///

///

**Premier Law Group PLLC**
6333 N.E. Radford Drive, Suite 3511
Seattle, Washington 98115-8716
(206) 934-5681 / Fax: (206) 652-5952

## FIFTH CLAIM FOR RELIEF

### (Slander)

36.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 35 with the same force and effect as if such paragraphs were separately realleged in this Fifth Claim For Relief.

37.     The acts of defendants and each of them in publicly accusing plaintiff of theft constitutes slander per se.

38.     As a direct and proximate result of the acts of defendants and each of them, plaintiff sustained damage to his reputation in the community and was looked upon as a thief. As a result, plaintiff suffered severe and continuing shock to his nervous system, mental anguish, mortification, humiliation, loss of good health and sleep, necessitating medical expenses and care, all to his damage according to proof at trial.

39.     In doing the acts as alleged above, defendants and each of them acted with intent to cause plaintiff reputation harm and a desire to humiliate him.

40.     Defendant QFC is vicariously liable for all acts of all other defendants upon plaintiff, as they were acting as QFC's agent at all times during this incident.

41.     Plaintiff is informed and believes, and based thereon alleges, that the conduct of defendants, and each of them, described above was done with fraud, oppression and malice and in conscious disregard of the pain, humiliation, hardship and embarrassment it might cause him; and said conduct was authorized and ratified by the highest levels of management at defendant QFC.

///

///

COMPLAINT FOR DAMAGES
(Personal Injuries) - 8

**Premier Law Group PLLC**
6333 N.E. Radford Drive, Suite 3511
Seattle, Washington 98115-8716
(206) 934-5681 / Fax: (206) 652-5952

## SIXTH CLAIM FOR RELIEF

(Malicious Prosecution)

42.   Plaintiff realleges and incorporates by reference herein paragraphs 1 through 41 with the same force and effect as if such paragraphs were separately realleged in this Sixth Claim For Relief.

43.   The acts of defendants and each of them in setting in motion and instituting a baseless criminal prosecution against plaintiff constitutes malicious prosecution.

44.   As a direct and proximate result of the acts of defendants and each of them, plaintiff sustained damage to his reputation in the community and was prevented from pursuing economic opportunities by virtue of being subjected to the prosecution as well as economic damages for costs and legal fees.  As a result, plaintiff suffered severe and continuing shock to his nervous system, mental anguish, mortification, humiliation, loss of good health and sleep, necessitating medical expenses and care, all to his damage according to proof at trial.

45.   Defendant QFC is vicariously liable for all acts of all other defendants upon plaintiff, as they were acting as QFC's agent at all times during this incident.

46.   Plaintiff is informed and believes, and based thereon alleges, that the conduct of defendants, and each of them, described above was done with fraud, oppression and malice and in conscious disregard of the pain, humiliation, hardship and embarrassment it might cause him; and said conduct was authorized and ratified by the highest levels of management at defendant QFC.

## PRAYER

WHEREFORE, plaintiff prays judgment against defendants as follows:

A.     General damages in an amount of $525,000;

COMPLAINT FOR DAMAGES
(Personal Injuries) - 9

**Premier Law Group PLLC**
6333 N.E. Radford Drive, Suite 3511
Seattle, Washington 98115-8716
(206) 934-5681 / Fax: (206) 652-5952

1  B.    Exemplary and punitive damages in an amount of $525,000 according to proof at trial;

2  C.    Medical expenses;

3  D.    Pre-judgment interest on all amounts claimed;

4  E.    Reasonable attorney's fees;

5  F.    Costs of suit herein incurred; and

6  G.    For such other and further relief as the Court deems proper.

7

8  DATED:  July 28, 2003                    PREMIER LAW GROUP PLLC

9

10

11                                          by:  DARRYL PARKER
                                                 Attorney for Plaintiff Rahul Gairola

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DAMAGES
(Personal Injuries) - 10

**Premier Law Group PLLC**
6333 N.E. Radford Drive, Suite 3511
Seattle, Washington 98115-8716
(206) 934-5681 / Fax: (206) 652-5952